DAVIS WRIGHT TREMAINE LLP
Nicole Phillis (CA Bar No. 291266)
    nicolephillis@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
Telephone:  (213) 633-6800

DAVIS WRIGHT TREMAINE LLP
John A. Goldmark (*admitted pro hac vice*)
    johngoldmark@dwt.com
Lauren B. Rainwater (*admitted pro hac vice*)
    laurenrainwater@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone:  (206) 622-3150

*Attorneys for Defendants Tilray, Inc., Privateer
Holdings, Inc., and Privateer Evolution, LLC*

JEFFER MANGELS BUTLER & MITCHELL LLP
Thomas M. Geher (CA Bar No. 130588)
    tgeher@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080

*Attorneys for Defendants Left Coast Ventures, Inc,
Eko Holdings, LLC, and Brett Cummings*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINITY GLOBAL CONSULTING GROUP, INC.; JOSEPH M. VAZQUEZ III; and JOSEPH M. VAZQUEZ III, derivatively, as a shareholder, and on behalf of, TRIMAX CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> TILRAY INC.; PRIVATEER HOLDINGS INC.; PRIVATEER EVOLUTION, LLC; LEFT COAST VENTURES INC; EKO HOLDINGS LLC; BRETT CUMMINGS; HUGO SAAVEDRA; DEBRA SAAVEDRA; and EQUITABLE TRANSITIONS INC., <br><br> Defendants. | Case No. CV 20-5263 PA (AFMx) <br> Assigned to the Hon. Percy Anderson <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION** <br><br> Date:       December 14, 2020 <br> Time:       1:30 p.m. <br> Courtroom:  9A <br><br> [*Separate Statement; Declarations of Brett Cummings, Dara Redler, Patrick Moen, and Brendan Kennedy; Defendants' Evidence; and [Proposed] Judgment filed concurrently*] <br><br> Action Filed:  December 2, 2019 <br> Trial Date:  February 16, 2021 |

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# NOTICE OF MOTION

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 14, 2020, at 1:30 p.m., or as soon thereafter as the matter shall be heard, before the Honorable Percy Anderson, United States District Judge, in Courtroom 9A of the United States Courthouse, located at 350 West 1st Street, Los Angeles, California 90012, Defendants Tilray, Inc., Privateer Holdings, Inc., Privateer Evolution, LLC, Left Coast Ventures, Inc, Eko Holdings, LLC, and Brett Cummings (together, the "Moving Defendants"), by and through their attorneys of record, will and hereby do move the Court for an order pursuant to Federal Rule of Civil Procedure ("Rule") 56(a) entering summary judgment in their favor on all the Verified Amended Complaint's causes of action against them, or in the alternative, for partial summary judgment.  In particular, the Moving Defendants move as to Count I (Alter Ego), Count III (Fraudulent Conveyance), Count IV (Conversion), Count VI (Intentional Interference with Contractual Relations), Count VII (Negligent Interference with Prospective Economic Relations), and Count VIII (Aiding and Abetting), which constitute all the claims against them.

This motion is based on the accompanying memorandum of points and authorities, the separate statement of uncontroverted facts and conclusions of law filed concurrently herewith, the Declarations of Brett Cummings, Dara Redler, Patrick Moen, and Brendan Kennedy and exhibits and evidence filed concurrently herewith, the files and records in this case, upon such matters as the Court may take judicial notice, and on such further evidence and argument as may be presented at any hearing of this motion.

This motion is made following a conference by counsel for Plaintiffs and the Moving Defendants, pursuant to Local Rule 7-3, which took place by telephone on October 30, 2020.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: November 9, 2020

By: /s/ John A. Goldmark

DAVIS WRIGHT TREMAINE LLP
Nicole Phillis (CA Bar No. 219266)
nicolephillis@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800

DAVIS WRIGHT TREMAINE LLP
John A. Goldmark (*admitted pro hac vice*)
johngoldmark@dwt.com
Lauren B. Rainwater (*admitted pro hac vice*)
laurenrainwater@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150

*Attorneys for Defendants Tilray, Inc., Privateer Holdings, Inc., and Privateer Evolution, LLC*

By: /s/ Thomas M. Geher

JEFFER MANGELS BUTLER
& MITCHELL LLP
Thomas M. Geher (CA Bar No. 130588)
tgeher@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080

*Attorneys for Defendants Left Coast Ventures, Inc, Eko Holdings, LLC, and Brett Cummings*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ...................................................................................1

II.  STATEMENT OF FACTS ......................................................................2

III.  ARGUMENT ..........................................................................................6

    A.  California Law Governs Plaintiffs' Claims. ................................6

    B.  Because Privateer Had No Involvement in the Transactions at Issue, the Court Should Grant Summary Judgment on All Claims Against It. .....................................................................................7

    C.  Because Plaintiffs' Alter Ego Theory Fails As a Matter of Law, Tilray Should Be Dismissed (COA 1). ......................................10

    D.  Plaintiffs' Fraudulent Conveyance Claim Fails As a Matter of Law on Multiple Grounds (COA 3). .........................................13

    E.  Plaintiffs Have No Conversion Claim (COA 4)........................16

    F.  The Intentional Interference with Contractual Relations Claim Fails As a Matter of Law (COA 6). ..........................................18

    G.  The Negligent Interference with Prospective Economic Relations Claim Fails As a Matter of Law (COA 7)....................21

    H.  Plaintiffs' Aiding and Abetting Claim Fails (COA 8). ............23

    I.  Plaintiffs' Request for Punitive Damages Under Florida Law Fails. ..........................................................................................25

IV.  CONCLUSION.....................................................................................25

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*,
   2018 WL 1942373 (C.D. Cal. Mar. 26, 2018) ........................................ 12

*Angus v. Transnat'l Auto. Grp.*,
   2012 WL 122869 (C.D. Cal. Jan. 17, 2012) ................................. *passim*

*Baxter Bailey & Assocs. v. Ready Pac Foods, Inc.*,
   2020 WL 1625257 (C.D. Cal. Feb. 26, 2020) ...................................... 8, 9

*Bechtol v. Metro. Life Ins. Co.*,
   2006 WL 8454808 (W.D. Wash. Oct. 24, 2006) .................................. 25

*BlueGem Sec., Inc. v. Trend Micro Inc.*,
   2010 WL 11505702 (C.D. Cal. June 8, 2010) ......................... 21, 22, 23

*Breed v. Hughes Aircraft Co.*,
   35 F. App'x 864 (Fed. Cir. 2002) ........................................................ 9

*Broad v. Sealaska Corp.*,
   85 F.3d 422 (9th Cir. 1996) .................................................. 15, 16, 20

*Burns v. Baldwin*,
   2001 U.S. Dist. LEXIS 25237 (C.D. Cal. Dec. 21, 2001) .................. 14

*Calixto v. Watson Bowman Acme Corp.*,
   637 F. Supp. 2d 1064 (S.D. Fla. 2009) .............................................. 6, 7

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
   227 F.R.D. 313 (C.D. Cal. 2004) ..................................................... 11, 13

*Chance World Trading E.C. v. Heritage Bank of Commerce*,
   438 F. Supp. 2d 1081 (N.D. Cal. 2005),
   *aff'd*, 263 F. App'x 630 (9th Cir. 2008) ............................................ 24

*Chiles v. Novartis Pharm. Corp.*,
   923 F. Supp. 2d 1330 (M.D. Fla. 2013) ............................................ 25

*Dole Food Co. v. Patrickson*,
   538 U.S. 468 (2003) ....................................................................... 11, 16

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*In re Dunn*,
   2006 WL 6810930 (9th Cir. B.A.P. Oct. 31, 2006) ............................................. 14

*Eagle v. AT&T Co.*,
   769 F.2d 541 (9th Cir. 1985) ........................................................................... 17

*Fredianelli v. Jenkins*,
   931 F. Supp. 2d 1001 (N.D. Cal. 2013) ....................................................... 8, 9

*Frey v. Minter*,
   -- F. App'x --, 2020 WL 5843671 (11th Cir. Oct. 1, 2020) ................................ 7

*Genesis Merch. Partners v. Nery's USA, Inc.*,
   2012 WL 12868257 (S.D. Cal. Dec. 19, 2012) ........................................ 12, 13

*In re Gonda*,
   2011 WL 5240154 (N.D. Cal. Bankr. Oct. 31, 2011) ......................................... 9

*Hanni v. Am. Airlines, Inc.*,
   2010 WL 289297 (N.D. Cal. Jan. 15, 2010) ....................................................... 17

*Hartnett v. W. Rec. Vehicles, Inc.*,
   2009 WL 10672956 (C.D. Cal. Mar. 18, 2009) .................................................. 12

*Hendricks v. Smartvideo Techs., Inc.*,
   511 F. Supp. 2d 1219 (M.D. Fla. 2007) ............................................................... 7

*Kronk v. Landwin Grp.*,
   2011 WL 13225107 (C.D. Cal. June 7, 2011) .................................................. 22

*McGuigan v. Nance*,
   2010 WL 3835833 (M.D. Fla. Sept. 29, 2010) .................................................. 6

*McKay v. Hageseth*,
   2007 WL 2669934 (N.D. Cal. Sept. 7, 2007) .................................................... 25

*Moran v. Selig*,
   447 F.3d 748 (9th Cir. 2006) ............................................................................ 12

*Mosier v. Stonefield Josephson, Inc.*,
   2013 WL 4859635 (C.D. Cal. July 30, 2013),
   *aff'd*, 815 F.3d 1161 (9th Cir. 2016) ................................................................ 24

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,
   210 F.3d 1099 (9th Cir. 2000) ............................................................................ 6

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*In re Palm Beach Fin. Partners*,
  2014 WL 12498025 (S.D. Fla. Bankr. Dec. 10, 2014) ......................................... 6

*Pineda v. Howard*,
  2010 WL 11595769 (C.D. Cal. Aug. 26, 2020) ................................................. 18

*Piping Rock Partners, Inc. v. David Lerner Assocs.*,
  946 F. Supp. 2d 957 (N.D. Cal. 2013),
  *aff'd*, 609 F. App'x 497 (9th Cir. 2015).................................................... 21

*PMA Capital Ins. Co. v. Tile Trends, Inc.*,
  2008 WL 11337821 (C.D. Cal. Dec. 5, 2008) ................................................ 8, 9

*Precise Aero. Mfg., Inc. v. MAG Aero. Indus.*,
  2018 WL 3390151 (C.D. Cal. Feb. 16, 2018),
  *aff'd*, 789 F. App'x 572 (9th Cir. 2019)................................................. 20, 23

*Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,
  2017 WL 3284177 (N.D. Cal. Aug. 2, 2017) ..................................................... 19

*Prof'l Bus. Bank v. FDIC*,
  2011 WL 13109254 (C.D. Cal. Oct. 4, 2011)......................................... 20, 21, 23

*Regions Bank v. Kaplan*,
  2019 WL 1417851 (M.D. Fla. Mar. 29, 2019) .................................................. 6

*Rogers v. Postmates Inc.*,
  2020 WL 1032153 (N.D. Cal. Mar. 3, 2020).................................................. 9

*Sarver v. Chartier*,
  813 F.3d 891 (9th Cir. 2016) ....................................................................... 6

*Schonbak v. Minn. Life*,
  2018 WL 6257185 (S.D. Cal. May 7, 2018)................................................. 9

*Schwab v. H & R Block, Inc.*,
  735 F. Supp. 954 (N.D. Cal. 1988),
  *aff'd*, 902 F.2d 40 (9th Cir. 1990)........................................................ 16

*Shelby v. Ocwen Loan Servicing, LLC*,
  2015 WL 5023020 (E.D. Cal. Aug. 24, 2015)................................................. 24

*SIC Metals, Inc. v. Hyundai Steel Co.*,
  442 F. Supp. 3d 1251 (C.D. Cal. 2020) ............................................. 18, 19, 20

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Smith v. Simmons,*
 638 F. Supp. 2d 1180 (E.D. Cal. 2009),
 *aff'd,* 409 F. App'x 88 (9th Cir. 2010)....................................11, 12, 13

*Trabulsi v. Wells Fargo Bank, Nat'l Ass'n,*
 2018 WL 6444897 (C.D. Cal. Nov. 16, 2018)....................................24

*Wady v. Provident Life & Accident Ins. Co. of Am.,*
 216 F. Supp. 2d 1060 (C.D. Cal. 2002) ........................................11, 13

*Weststeyn Dairy 2 v. Eades Commodities Co.,*
 280 F. Supp. 2d 1044 (E.D. Cal. 2003) ..................................20, 22, 23

*Wright v. Schock,*
 571 F. Supp. 642 (N.D. Cal. 1983),
 *aff'd,* 742 F.2d 541 (9th Cir. 1984)....................................25

**State Cases**

*Clark Equip. Co. v. Mastelotto, Inc.,*
 87 Cal. App. 3d 88 (1978) ....................................17

*Credit Managers Ass'n v. Nat'l Indep. Bus. Alliance,*
 162 Cal. App. 3d 1166 (1984) ....................................15

*Davis v. Nadrich,*
 174 Cal. App. 4th 1 (2009) ....................................19

*Everest Investors 8 v. Whitehall Real Estate L.P.,*
 100 Cal. App. 4th 1102 (2002) ....................................10

*Hasso v. Hapke,*
 227 Cal. App. 4th 107 (2014) ....................................15

*Kenne v. Stennis,*
 230 Cal. App. 4th 953 (2014) ....................................9

*Kidron v. Movie Acquisition Corp.,*
 40 Cal. App. 4th 1571 (1995) ....................................10

*Mehrtash v. Mehrtash,*
 93 Cal. App. 4th 75 (2001) ....................................14

*Rutherford Holdings, LLC v. Plaza Del Rey,*
 223 Cal. App. 4th 221 (2014) ....................................16

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Voris v. Lampert*,
7 Cal. 5th 1141 (2019) .................................................................................. 16, 17

**Federal Statutes**

28 U.S.C. § 1404(a) ............................................................................................. 6

**State Statutes**

Cal. Civ. Code § 2299 ......................................................................................... 8

Cal. Civ. Code § 3439.01 .............................................................................. 14, 15

Cal. Civ. Code § 3439.04 .............................................................................. 13, 14

Cal. Civ. Code § 3439.05 .............................................................................. 13, 14

Cal. Civ. Code § 3439.07 .............................................................................. 13, 14

Cal. Corp. Code § 500 ....................................................................................... 15

Cal. Civ. Proc. § 493.010 ........................................................................... *passim*

Fla. Stat. § 768.72 ............................................................................................. 25

Nev. Rev. Stat. § 78.288 .............................................................................. 15, 20

**Rules**

Fed. R. Civ. P. 56(a) ............................................................................................ 6

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I.     INTRODUCTION

In December 2018, nonparty Saavy Naturals, Inc. ("Saavy") faced insurmountable debt, and with the assistance of its counsel, decided to undertake a lawful, statutorily authorized liquidation procedure—an "assignment for the benefit of creditors" (the "ABC"), Cal. Civ. Proc. § 439.010—under which it transferred its assets to a neutral assignee, who then sold and liquidated certain of those assets.  A year later, the Plaintiffs in this action, who have only a tangential or no relationship to Saavy, filed suit against the parties involved in the transaction seeking to undo the valid ABC, alleging largely "on information and belief" that the transaction was improper.  Further, in a transparent effort to inflict collateral damage, Plaintiffs alleged baseless claims against several other defendants who had *no involvement* in the transaction at all.  And while the discovery cutoff passed three weeks ago, Plaintiffs conducted no discovery whatsoever to substantiate their (unsupported) allegations.  Plaintiffs' claims all fail as a matter of law.

Accordingly, Defendants Privateer Holdings, Inc. ("Privateer"), Privateer Evolution, LLC ("Privateer Evolution"), Tilray, Inc. ("Tilray"), Left Coast Ventures, Inc ("LCV"), Eko Holdings, LLC ("Eko"), and Brett Cummings ("Cummings") (together, the "Moving Defendants") jointly move for summary judgment as to the claims against them.[1]

Plaintiffs' claims against Privateer and Privateer Evolution fail because those defendants were not involved in the transactions at issue.  For the same reasons (and more), Plaintiffs' claims against Tilray, who Plaintiffs sued as a purported "alter ego" of Privateer Evolution (COA 1), likewise fail.

As for the substantive claims, Plaintiffs' fraudulent conveyance (COA 3) and conversion (COA 4) claims are groundless.  Among other fatal defects, Plaintiffs

---

[1] To avoid making duplicative arguments and to promote judicial efficiency, the separately represented Privateer/Tilray Defendants (Privateer, Privateer Evolution, and Tilray) and the LCV Defendants (LCV, Eko, and Cummings), join together to bring this motion.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

are neither creditors of Saavy nor have any possessory rights to Saavy's assets, and thus lack standing to bring the claims. Plaintiffs' contractual interference (COA 6) and negligent interference (COA 7) claims similarly fail because Plaintiffs cannot establish the prerequisite relationship with Saavy, nor can they show the Moving Defendants committed any actual interference or caused Plaintiffs any harm. Plaintiffs' aiding and abetting claim (COA 8) is ripe for judgment because, among other reasons, no underlying tort exists. Finally, Plaintiffs' request for punitive damages under Florida law fails because *California* law governs Plaintiffs' claims.

Summary judgment for the Moving Defendants is therefore warranted.

## II.   STATEMENT OF FACTS

Around August 2018, Defendant LCV was considering potential business opportunities with Saavy, a manufacturer of natural consumer products. SUF 18. On August 1, 2018, LCV's CEO, Defendant Brett Cummings, visited Saavy's facility in California. SUF 13, 18. After the visit, Saavy's founder and President, Defendant Hugo Saavedra, provided LCV with Saavy's profit and loss statements and balance sheets for 2017 and the first half of 2018. SUF 19. The financial statements reflected that Saavy had significant net income losses for 2017 and 2018, very little or no cash, and its debts exceeded its assets by over $1 million. SUF 20-23. Specifically, Saavy had a negative net income of $633,551.48 for 2017, and at the end of 2017, its debt exceeded its assets by $1,722,942.01, and its bank accounts held only $8,123.36. SUF 22-23. By mid-2018, Saavy had a negative net income of $184,192.56, its debts exceeded its assets by $1,907,134.57, and its bank accounts had a negative balance of $32,836.78. SUF 20-21.

Based on this information, LCV determined that Saavy was not profitable and operating at a material loss. SUF 24. LCV produced two nonbinding "term sheets" to facilitate further discussion with Saavy, and with the intent of performing further due diligence: one for a potential direct equity investment in Saavy, and another for the potential formation of a new entity to manufacture and sell CBD products. *Id.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

During September and October 2018, LCV, through Cummings, continued to obtain diligence materials regarding Saavy's financial and business condition, which revealed that Saavy was in default on $1,300,000 of loans and to utility providers and its landlord.  SUF 27.  LCV concluded that an equity investment in Saavy would not be appropriate, because any investment would be used to pay existing creditors, and Saavy would still require further cash investment to successfully operate.  SUF 28.

In early October 2018, during LCV's due diligence, Hugo Saavedra mentioned to Cummings that Plaintiff Joseph M. Vazquez III ("Vazquez"), whom Cummings did not know previously, was helping Mr. Saavedra secure capital for Saavy.  SUF 25.  Cummings recalls that Vazquez was on two or three calls with Mr. Saavedra, but did not speak.  SUF 26.  Cummings was not aware of any relationship between Vazquez and Saavy, if any, or Vazquez's business affairs.  *Id.*

On October 11, 2018, Mr. Saavedra, along with his wife and Saavy co-founder, Defendant Debra Saavedra, consulted with an insolvency attorney in Los Angeles regarding Saavy.  SUF 29.  Based on their discussions with the attorney, the Saavedras decided that Saavy would conduct a statutory "assignment for the benefit of creditors," pursuant to California Code of Civil Procedure § 493.010 (the "ABC"), which is a statutory liquidation procedure.  *Id.*  In other words, Saavy would assign its assets to a neutral assignee, who would then sell those assets for the benefit of Saavy's creditors.  SUF 29-30, 39-40.  LCV was interested in purchasing certain of Savvy's assets through the ABC.  SUF 33.

At the time, however, Saavy was struggling to remain a going concern, and required additional funds to remain in business pending the ABC.  SUF 35.  Mr. Saavedra asked LCV for a loan, which LCV agreed to provide, on the condition it would be secured by Saavy's unencumbered assets, to ensure it would not become another unpaid unsecured creditor.  SUF 36.  Accordingly, LCV loaned $78,000 to Saavy.  SUF 37.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Saavy retained Defendant Equitable Transitions Inc. ("ET") to act as the assignee of Saavy's assets in the ABC, without the knowledge or participation of LCV or Cummings.  SUF 30.  In addition, Saavy retained the firm Van Horn Auctions & Appraisal Group, LLC ("Van Horn") to appraise Saavy's assets at its California facility.  SUF 31.  On December 20, 2018, Van Horn provided a written appraisal report concluding that in a liquidation scenario, Saavy's "machinery and equipment" was worth $12,000 to $13,000 and its "raw materials, work in process and finished [inventory]" amounted to $6,500 to $7,500.  SUF 32.

After further discussions, LCV determined that after Saavy assigned the assets to ET, LCV, through a subsidiary, would attempt to acquire certain of the assets.  SUF 33.  To that end, on December 22, 2018, LCV formed Moving Defendant Eko as the entity that would attempt to purchase certain assets.  SUF 34.  LCV also assigned its Saavy loan to Eko, and Eko and Saavy memorialized the loan in a Secured Promissory Note and Security Agreement dated December 22, 2018.  SUF 37.  Eko recorded its security interest the same day, perfecting its lien in Saavy's personal property.  SUF 38.  Other (nonparty) creditors had also recorded liens on certain of Saavy's assets.  SUF 61-62.

To carry out the ABC, on December 24, 2018, Saavy, as assignor, transferred its assets and interests in property to ET, as assignee, pursuant to a General Assignment.  SUF 39.  ET then sold certain of Saavy's former assets to Eko for the sum of $111,000, which included $70,000 in cash and the forgiveness of $41,000 of Eko's secured loan.  SUF 40.  Eko did not obtain any cash or deposit accounts from the sale (Saavy had none).  SUF 41.  After the sale, which was memorialized in a Bill of Sale, Eko removed the assets it purchased from Saavy's California facility, and moved them to its own separate California facility.  SUF 40, 42.  Much of the machinery and fixtures Eko purchased needed to be replaced.  SUF 43.  Eko also hired the Saavedras as at-will employees.  SUF 44.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

On December 2, 2019, Plaintiffs Vazquez, individually and derivatively as a shareholder on behalf of Trimax Corporation ("Trimax"), as well as Infinity Global Consulting Group, Inc. ("Infinity"), brought suit against Defendants Tilray, Privateer, LCV, Eko, Cummings, the Saavedras, and ET, and later amended to add Privateer Evolution.  Dkts. 1, 58.

Defendants Tilray and Privateer, however, had no involvement with any of the transactions that form the basis of Plaintiffs claims (the Eko loan, the ABC, or the Eko asset sale).  SUF 45, 47.   Nor did Privateer ever receive or possess any of Saavy's former assets.  SUF 50.  Cummings, CEO of LCV and Manager of Eko, was acting exclusively on behalf of LCV and Eko through these transactions, and was not an employee, director, officer, or otherwise acting on behalf of Privateer. SUF 13, 56-58.  Similarly, Privateer Evolution, the successor to Privateer, was not formed until December 2019, long after the transactions at issue.  SUF 9.

In their Verified Amended Complaint ("VAC"), Plaintiffs assert the following claims against the Moving Defendants:[2] Plaintiffs Infinity and Vazquez, individually and on behalf of Trimax, bring claims for "alter ego" liability against Tilray and Privateer Evolution (COA 1); Plaintiffs Infinity and Vazquez, individually and on behalf of Trimax, bring claims for fraudulent conveyance (COA 3), conversion (COA 4), and aiding and abetting (COA 8) against Privateer, LCV, Cummings, and Eko; and Plaintiffs Infinity and Vazquez assert claims for intentional interference with contractual relations (COA 6) and negligent interference with prospective economic advantage (COA 7) against Privateer, LCV, Cummings, and Eko.

---

[2] Plaintiffs also assert claims against defendants Hugo Saavedra, Debra Saavedra, and ET (the "Non-moving Defendants"), none of which have appeared, responded to the VAC, or otherwise defended Plaintiffs' claims.  Although Plaintiffs purportedly served the Non-moving Defendants in January & February 2020, *see* Dkts. 45, 46, 49, Plaintiffs have not moved for default or done anything to pursue their claims against these defendants.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

This Court's scheduling orders set October 22, 2020, as the discovery cutoff deadline.  Dkts. 84, 85.  Plaintiffs conducted no discovery during the discovery period, and as of the filing of this motion—nearly three weeks after the discovery cutoff—have still done nothing in discovery (fact or expert).   Each of Plaintiffs' claims fail as a matter of law on several independent grounds, as discussed below.

## III.   ARGUMENT

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party need only "either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  To avoid summary judgment, the nonmoving party must produce evidence sufficient "to create a genuine issue of material fact" on each element necessary to its claims.  *Id.* at 1103.

### A.     California Law Governs Plaintiffs' Claims.

As this action was transferred from a Florida federal court under 28 U.S.C. § 1404(a), Florida's choice-of-law rules dictate which state's law applies to Plaintiffs' claims. *Sarver v. Chartier*, 813 F.3d 891, 897 (9th Cir. 2016) ("[A]fter a transfer under 28 U.S.C. § 1404(a), the choice-of-law rules of the transferor court apply.").  Under those rules, California law governs all claims.

Plaintiffs' claims all sound in tort.[3]  "Florida resolves conflict-of-laws questions for torts using the 'significant relationships test' as set forth in the

---

[3] *In re Palm Beach Fin. Partners*, 2014 WL 12498025, at *5 (S.D. Fla. Bankr. Dec. 10, 2014) (fraudulent transfer); *Calixto v. Watson Bowman Acme Corp.*, 637 F. Supp. 2d 1064, 1067 (S.D. Fla. 2009) (contractual interference); *McGuigan v. Nance*, 2010 WL 3835833, at *1 (M.D. Fla. Sept. 29, 2010) (conversion; interference with economic advantage); *Regions Bank v. Kaplan*, 2019 WL 1417851, at *5 (M.D. Fla. Mar. 29, 2019) (aiding and abetting).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Restatement (Second) of Conflict of Laws." *Frey v. Minter*, -- F. App'x --, 2020 WL 5843671, at *2 (11th Cir. Oct. 1, 2020). The court "determin[es] the state that has the most significant relationship to the events and the parties" based on "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* (citation omitted). In cases involving claims such as interference with contract, where the "injury" is difficult to locate, the "location of the defendant's conduct" is given the "greatest weight." *Calixto*, 637 F. Supp. 2d at 1067 (citation omitted); *see, e.g.*, *Hendricks v. Smartvideo Techs., Inc.*, 511 F. Supp. 2d 1219, 1226-27 (M.D. Fla. 2007) (applying Georgia law, despite Plaintiff's residence in Florida, where conduct giving rise to claims occurred in Georgia).

Here, these factors strongly favor California law: the most significant factor, the "conduct" causing the alleged injury—i.e., the contracts, loan transaction, ABC pursuant to Cal. Civ. Proc. § 493.010, and subsequent asset sale to Eko—all occurred in California, SUF 18, 37, 39-40; the alleged "injury" occurred in California, when Saavy's assets, pursuant to Cal. Civ. Proc. § 493.010, were transferred to an assignee who sold them to Eko and removed them from Saavy's California facility, SUF 42; six of the nine defendants reside or have their principal place of business in California, while the other parties are scattered in Nevada, Washington, and Canada—with just two of the plaintiffs (Infinity and Vazquez) in Florida, SUF 1-12, 14-17, VAC ¶¶ 24-26, 31-33; and there are no "relationships" between Plaintiffs and the Moving Defendants to weigh in the fourth factor. These facts compel the application of California law.

## B. Because Privateer Had No Involvement in the Transactions at Issue, the Court Should Grant Summary Judgment on All Claims Against It.

Plaintiffs attempt to rope Privateer and its successor (Privateer Evolution) into this lawsuit based on (1) their baseless claim that LCV's CEO, Cummings, was

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

an "authorized agent" of Privateer with respect to the transactions at issue, *e.g.*, VAC ¶ 16; (2) generic allegations that "All of the Defendants" purportedly "conspired … to do the acts complained of," *id.* ¶ 37; and (3) an unsupported alter ego claim against Privateer Evolution, *id.* ¶ 35 (stating the only claim against Privateer Evolution is Count I for alter ego).  None withstands summary judgment.

To take a step back, the ABC and asset sale underlying all of Plaintiffs' claims occurred through a series of contracts between Eko, Saavy, and ET.  SUF 37-40.  Cummings, the CEO of LCV and manager of Eko, worked with Saavy on behalf of LCV and Eko to execute the loan transaction.  SUF 13, 36-37.  Privateer had no involvement in the ABC, the loan, or asset sale transactions.  SUF 45.  Plaintiffs nonetheless allege that because Cummings allegedly said he had been working with Privateer and used a Privateer email a few times, Privateer magically became liable for his conduct.  VAC ¶¶ 6-8, 16, 18, 23, 50.  Not so.

"An agent may bind a principal to a contract if he has either actual or ostensible authority to do so, or, if the agent is unauthorized to do so, the principal ratifies the agent's unauthorized action."  *Fredianelli v. Jenkins*, 931 F. Supp. 2d 1001, 1017-18 (N.D. Cal. 2013).  None of these circumstances exist, and Plaintiffs, who bear the burden of proof, *PMA Capital Ins. Co. v. Tile Trends, Inc.*, 2008 WL 11337821, at *3 (C.D. Cal. Dec. 5, 2008), cannot demonstrate otherwise.

"An agency is actual when the agent is really employed by the principal." *Baxter Bailey & Assocs. v. Ready Pac Foods, Inc.*, 2020 WL 1625257, at *4 (C.D. Cal. Feb. 26, 2020) (quoting Cal. Civ. Code § 2299) (no agency as a matter of law where individual not employee of principal).  Cummings was not a director, manager, or employee of Privateer.  SUF 56.  Nor was Cummings otherwise authorized to act on behalf of Privateer with respect to any of the transactions at issue—the Eko loan, the ABC, or asset sale.  SUF 57.  No actual agency existed.

Nor was Cummings an ostensible agent.  Critically, "ostensible authority must be established through the acts of the principal and not the acts or declarations

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of the agent." *PMA*, 2008 WL 11337821, at *3 (citation omitted); *Baxter*, 2020 WL 1625257, at *4 ("Whether or not an ostensible agency relationship exists is dependent on representations made by the principal to a third party."). Cummings' alleged acts, if any, cannot establish his agency. *See Schonbak v. Minn. Life*, 2018 WL 6257185, at *3 (S.D. Cal. May 7, 2018) ("Apparent authority cannot be established merely by showing that [the alleged agent] claimed authority or purported to exercise it.") (citation omitted). Privateer never had any contacts with Plaintiffs, so there is no basis for ostensible agency. SUF 58. As Plaintiffs have no evidence that Privateer made representations to Plaintiffs that would lead them to believe Cummings was its agent, their agency theory fails as a matter of law. *E.g.*, *Baxter*, 2020 WL 1625257, at *5 (granting summary judgment where no evidence principal did anything to cause plaintiffs to believe agency existed); *PMA*, 2008 WL 11337821, at *5 (same); *Fredianelli*, 931 F. Supp. 2d at 1018-19 (same).

Privateer did not ratify Cummings' conduct. A principal can only ratify unauthorized conduct if "it *knowingly* accepts the benefits of the transaction." *Rogers v. Postmates Inc.*, 2020 WL 1032153, at *4 (N.D. Cal. Mar. 3, 2020); *In re Gonda*, 2011 WL 5240154, at *8 (N.D. Cal. Bankr. Oct. 31, 2011) ("[A] principal must ... have knowledge of the material facts involved at the time of the alleged ratification."). Plaintiffs cannot show that Privateer (1) had any knowledge of the ABC, loan, and asset sale, or (2) accepted any benefits of those transactions—which precludes any ratification theory. *E.g.*, *Breed v. Hughes Aircraft Co.*, 35 F. App'x 864, 865-66 (Fed. Cir. 2002) (applying California law; affirming summary judgment as to ratification because no evidence that principal had knowledge).

Plaintiffs also vaguely allege—on information and belief—that Privateer "conspired" with the defendants involved in the transactions at issue (LCV, Eko, and Cummings) to commit the alleged torts. *E.g.*, VAC ¶¶ 55-57. But that theory fails. As an initial matter, conspiracy requires an underlying tort—and as explained in the sections below—Plaintiffs' tort claims each fail as a matter of law. *Kenne v.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Stennis*, 230 Cal. App. 4th 953, 968-69 (2014) ("[A] bare conspiracy, without the commission of some underlying tort by a coconspirator is not actionable[.]"). Further, Plaintiffs have no evidence of the requisite elements: (1) the formation and operation of the conspiracy, including Privateer's "agree[ment] … to commit a tortious act" and its "actual knowledge that a tort is planned"; (2) Privateer's "wrongful conduct in furtherance of the conspiracy"; and (3) damages resulting from Privateer's purported "wrongful conduct." *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581-82 (1995). As Plaintiffs cannot show any of these elements, let alone all three, its conspiracy theories fail as a matter of law.[4]

Finally, Plaintiffs' claims against both Privateer Evolution and Tilray are entirely derivative of the alleged liability of Privateer, and so they fail for all the same reasons. *See* VAC ¶¶ 35, 68-69.

As Plaintiffs allege no viable theory, much less show the requisite facts, to impose liability on Privateer (and hence, Privateer Evolution and Tilray), the Court should grant summary judgment on all claims against Privateer, Privateer Evolution, and Tilray.

## C.   Because Plaintiffs' Alter Ego Theory Fails As a Matter of Law, Tilray Should Be Dismissed (COA 1).

Plaintiffs premise their claims against Tilray exclusively on their theory that Tilray is the alter ego of Privateer Evolution. *See* VAC ¶ 34 (alleging the only claim against Tilray is Count I for Alter Ego). In other words, Tilray had no

---

[4] Nor can Privateer conspire to breach a fiduciary duty to Plaintiffs (COAs 2, 5) or negligently interfere with Plaintiffs' purported prospective economic advantage (COA 7), as it owes Plaintiffs no fiduciary duty or duty of care, as required, respectively, for those claims. *Everest Investors 8 v. Whitehall Real Estate L.P.*, 100 Cal. App. 4th 1102, 1107 (2002) (no conspiracy where defendant "is legally incapable of committing the tort underlying the claim of conspiracy," explaining conspiracy "cannot create a duty"); *see infra* at 21 (discussing elements of negligent interference). The same goes for the other Moving Defendants.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

involvement whatsoever in the transactions that form the basis of Plaintiffs' claims. SUF 47.  Plaintiffs' claim fails as a matter of law on two counts.

First, as discussed above, neither Privateer Evolutions nor Privateer has engaged in any actionable conduct, nor do Plaintiffs otherwise present any grounds to raise a triable issue as to their liability.  As Tilray's alleged "alter ego" cannot be held liable, neither can Tilray.

Second, even if that were not the case, Plaintiffs' claim fails for the independent reason that they cannot raise a triable issue as to their alter ego theory.

"The doctrine of piercing the corporate veil ... is the rare exception, applied in the case of fraud or certain other exceptional circumstances[.]" *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003); *Smith v. Simmons*, 638 F. Supp. 2d 1180, 1191 (E.D. Cal. 2009) ("Alter ego is an extreme remedy, sparingly used."), *aff'd*, 409 F. App'x 88 (9th Cir. 2010).  "Before the doctrine may be invoked, two elements must be established: (1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow."  *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002) (citation omitted).  Plaintiffs bear the burden of establishing both elements, *Smith*, 638 F. Supp. 2d at 1190-91, and cannot do so.

First, Plaintiffs cannot show that Tilray and Privateer Evolution share such "unity of interest and ownership" with respect to the conduct underlying the claims that "their separate personalities no longer exist."  *Wady*, 216 F. Supp. 2d at 1068 (citation omitted). Courts typically look to various factors, including "commingling of funds and other assets, … use of the same offices and employees, … disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers."  *Smith*, 638 F. Supp. 2d at 1191.  The mere fact of ownership, shared officers, or inadequate capitalization do not warrant application of this extreme remedy.  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

313, 326 (C.D. Cal. 2004) (granting summary judgment as to alter ego; "courts have cautioned against relying too heavily in isolation on the factors of inadequate capitalization or concentration of ownership and control") (citation omitted); *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, 2018 WL 1942373, at *12 (C.D. Cal. Mar. 26, 2018) (same; "the mere fact that corporations share overlapping officers does not require an alter ego finding").

Plaintiffs allege in their VAC a handful of unsupported allegations and vague conclusions purporting to support unity of interest here—that Privateer Evolution is wholly owned by Tilray, "inadequately capitalized," "conducts no business," shares the same officers and directors as Tilray, and corporate formalities are not followed. VAC ¶ 68. However, Plaintiffs have conducted no discovery to establish, and have no evidence to substantiate, these allegations. Nor could they. Tilray and Privateer Evolution follow corporate formalities, maintain their own corporate records, and otherwise respect their separate corporate forms. SUF 59-60.

Even if Plaintiffs could establish the first factor (they cannot), they have no evidence to establish the requisite inequity. "The court will not disregard the corporate entity unless it is necessary in order to prevent fraud or injustice." *Genesis Merch. Partners v. Nery's USA, Inc.*, 2012 WL 12868257, at *4 (S.D. Cal. Dec. 19, 2012) (citation omitted). And proving inequity "require[s] some evidence of bad faith conduct on the part of defendants before concluding that an inequitable result justifies an alter ego finding." *Smith*, 638 F. Supp. 2d at 1192; *Hartnett v. W. Rec. Vehicles, Inc.*, 2009 WL 10672956, at *4 (C.D. Cal. Mar. 18, 2009) ("[B]ad faith in one form or another must be shown before the court may disregard the fiction of separate corporate existence.") (citation omitted).

Plaintiffs can show no such thing. Application of alter ego is not "necessary" to prevent injustice here. The crux of Plaintiffs' claims is that through the ABC, Eko and ET have wrongfully obtained Saavy's assets, and Plaintiffs essentially seek to undo that valid statutory transaction. That has nothing to do with either Tilray or

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Privateer Evolution.  Plaintiffs have not, and cannot, show why they cannot seek relief directly from any of the other parties to this action.  *E.g.*, *Genesis*, 2012 WL 12868257, at *4 (granting summary judgment as to alter ego because "Genesis will not suffer an inequitable result . . . as [the direct defendants] can be held responsible for any amount owed to Genesis"); *Wady*, 216 F. Supp. 2d at 1070 (same).  Further, Plaintiffs have no evidence that Tilray or Privateer Evolution engaged in any conduct with respect to the transactions, let alone in "bad faith."  *E.g.*, *Smith*, 638 F. Supp. 2d at 1192 (granting summary judgment as to alter ego, as "Plaintiff does not produce any evidence [of] bad faith conduct"); SUF 46-47.  Either ground alone is fatal to Plaintiffs' claim.

Summary judgment as to all claims against Tilray is therefore warranted.

**D.     Plaintiffs' Fraudulent Conveyance Claim Fails As a Matter of Law on Multiple Grounds (COA 3).**

Plaintiffs assert a claim for fraudulent conveyance based on the transfer of Saavy's assets to Eko.  VAC ¶¶ 84-85.  Plaintiffs bear a statutory burden of proving this claim, Cal. Civ. Code §§ 3439.04(c), 3439.05(b), but have conducted no discovery and have no such evidence.  This claim fails on multiple grounds.

As an initial matter, defendants LCV, Cummings, and Privateer are entitled to summary judgment because they did not receive the disputed assets and thus cannot be transferees.  SUF 48-50; *Cambridge*, 227 F.R.D. at 332 (granting summary judgment on fraudulent transfer claim where plaintiff "did [not] proffer evidence that the[] entities received transfers"); *see also* VAC ¶¶ 83-88 (alleging only that Eko and ET received the assets).

Plaintiffs' claim as to the remaining Moving Defendant, Eko, likewise fails.  First, Plaintiffs have no standing to bring this claim.  "The California fraudulent transfer laws on their face only confer standing on a ***creditor*** of the transferor debtor."  *In re Dunn*, 2006 WL 6810930, at *8 (9th Cir. B.A.P. Oct. 31, 2006) (emphasis added); *accord* Cal. Civ. Code § 3439.01(b), (c) (defining "creditor" and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"claim"); *id.* §§ 3439.04, 3439.05, 3439.07 (providing remedies for "creditors").

Thus, a "plaintiff is not entitled to the remedy of setting aside a fraudulent

conveyance unless he has shown that he is a creditor [of the transferor]." *Burns v.*

*Baldwin*, 2001 U.S. Dist. LEXIS 25237, at \*12 (C.D. Cal. Dec. 21, 2001) (citing

Cal. Civ. Code § 3439.01(c)), *aff'd*, 59 F. App'x 921 (9th Cir. 2003).  None of the

Plaintiffs are "creditors" of the transferor debtor, Saavy.  Neither Infinity nor

Vazquez has any relationship with Saavy, let alone as a creditor; Infinity only has a

contract **with Trimax**, a separate entity, SUF 51 (citing VAC ¶¶ 40-41 (admitting

Infinity is a creditor of Trimax) & Ex. H),[5]  and Vazquez is a shareholder of

Trimax, VAC ¶¶ 24, 60.  Trimax itself is merely a shareholder in Saavy (VAC ¶¶ 3,

60), and is not a creditor of Saavy under California's Uniform Fraudulent Transfer

Act.  *See* Cal. Civ. Code § 3439.01(c).

        Second, even if Infinity, Vazquez, or Trimax could somehow prove they are

creditors, they cannot demonstrate the requisite injury.  "A transfer in fraud of

creditors may be attacked only by one who is injured thereby.… [which] the

creditor must ... show[] affirmatively." *Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75,

80 (2001).  "A creditor does not sustain injury unless the transfer puts beyond his

reach property which he otherwise would be able to subject to the payment of his

debt." *Burns*, 2001 U.S. Dist. LEXIS 25237, at \*13 (citation omitted); *Mehrtash*,

93 Cal. App. 4th at 80-81 (affirming judgment against plaintiff; "Plaintiff produced

no evidence that the value of the property could support any net recovery for her in

the event the conveyance were set aside").  At the time of the transfer, Saavy had

considerable debt well in excess of its assets, SUF 21; none of the Plaintiffs can

show that if this transaction is set aside any of the assets would be used to pay their

(non-existent) "debts" before legitimate creditors (including Eko).  *See Broad v.*

---

[5] "[A] verified complaint may serve as an affidavit for purposes of summary judgment if it is based on personal knowledge and if it sets forth the requisite facts with specificity." *Moran v. Selig*, 447 F.3d 748, 759 n.16 (9th Cir. 2006).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996) ("[C]orporate shareholders .... only own shares of stock, which represent a proportionate interest in the corporate equity remaining *after a corporation meets all its other debts and obligations*. [Corporate] profits … do not pass to the shareholders unless and until the board of directors declares a dividend.") (emphasis added); *accord* Cal. Corp. Code § 500(a); Nev. Rev. Stat. § 78.288(2).  For this reason alone, summary judgment is proper.

Third, the transferred assets are not "assets" subject to the fraudulent transfer statutes, which specifically exclude from their reach "[p]roperty to the extent it is encumbered by a valid lien."  Cal. Civ. Code § 3439.01(a)(1).  "Lien," in turn, is defined as "charge against or an interest in property to secure payment of a debt or performance of an obligation, and includes a security interest created by agreement."  *Id.* § 3439.01(g); *Hasso v. Hapke*, 227 Cal. App. 4th 107, 126 (2014) (reversing fraudulent transfer finding because assets were subject to security interest and thus "there was no evidence to show … fraudulent transfer").  This definition plainly excludes the assets at issue, which were encumbered by multiple liens.  First, pursuant to Eko's security agreement, Saavy granted Eko a security interest in its assets to secure Eko's $78,000 loan to Saavy, which Eko/LCV required as a condition of the loan.  SUF 36-37.  Eko recorded its security interest, thereby perfecting its lien in Saavy's assets.  SUF 37-38.  Second, at least two nonparty creditors also held a valid lien on Saavy's assets.  SUF 61-62.  The assets were thus legitimately encumbered, rendering them exempt from a fraudulent transfer claim.

Finally, the ABC that forms the disputed transfer was a statutorily authorized insolvency event carried out pursuant to Cal. Civ. Proc. § 493.010.  An ABC "is a business liquidation device available to an insolvent debtor as an alternative to formal bankruptcy proceedings."  *Credit Managers Ass'n v. Nat'l Indep. Bus. Alliance*, 162 Cal. App. 3d 1166, 1169 (1984).  In other words, ET acted, in effect, as a bankruptcy trustee, who then sold the assets for the benefit of the debtor's estate—Saavy.  The parties involved in the transaction complied with all statutory

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

prerequisites for the ABC, and the transaction is entitled to a presumption of validity.  SUF 39-40.  Plaintiffs have no evidence to demonstrate otherwise.

Any of these grounds alone is sufficient for summary judgment.

### E.    Plaintiffs Have No Conversion Claim (COA 4).

Plaintiffs' conversion claim, like the others, can be disposed of on multiple grounds.  Plaintiffs assert this claim based on the transfer of "all of [Saavy's] property to Eko."  VAC ¶¶ 89-90, 92.

For conversion, Plaintiffs must show: "(a) plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages."  *Voris v. Lampert*, 7 Cal. 5th 1141, 1150 (2019) (citation omitted).  Plaintiffs cannot satisfy these elements.

The first element alone provides clear grounds for summary judgment.  *E.g.*, *Schwab v. H & R Block, Inc.*, 735 F. Supp. 954, 957 (N.D. Cal. 1988) (granting summary judgment as to conversion claim for failure to raise factual dispute as to "ownership or right to possession"), *aff'd*, 902 F.2d 40 (9th Cir. 1990).  Plaintiffs cannot show "either ownership and the right of possession or actual possession of the property at the time of the alleged conversion."  *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 233 (2014) (citation omitted).  Trimax is simply a shareholder/parent corporation of Saavy and has no right of ownership or possession in Saavy's assets.  "[C]orporate shareholders do not directly own any part of a corporation's property or assets.  They only own shares of stock, which represent a proportionate interest in the corporate equity remaining after a corporation meets all its other debts and obligations."  *Broad*, 85 F.3d at 430; *see also Dole*, 538 U.S. at 475 ("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary[.]"); *Eagle v. AT&T Co.*, 769 F.2d 541, 546-47 (9th Cir. 1985) ("Because shareholders do not own the corporation's assets, the wrongful depletion of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

corporate assets is an injury to the corporation and only an indirect injury to the shareholders.  For this reason, shareholders normally cannot recover in their individual capacities for a wrongful depletion of corporate assets.").  Plaintiffs Infinity and Vazquez, who have no relationship to Saavy, likewise have no claim to ownership or possession of Saavy's assets.

Even if one of the Plaintiffs had such rights (none does), Saavy, the former owner of the disputed assets, voluntarily forfeited its rights to the assets by consenting to the Security Agreement, General Assignment, and ABC.  VAC Ex. K & L; SUF 29, 37, 39. "The law is well settled that there can be no conversion where an owner either expressly or impliedly assents to or ratifies the taking, use or disposition of his property." *Angus v. Transnat'l Auto. Grp.*, 2012 WL 122869, at *8 (C.D. Cal. Jan. 17, 2012) (citation omitted).  Saavy's express consent to these voluntary transactions precludes Plaintiffs' claim against any defendant. *See id.*; *Clark Equip. Co. v. Mastelotto, Inc.*, 87 Cal. App. 3d 88, 93-94 (1978) (affirming judgment finding no conversion where alleged converting party, "as the secured party had the right to take possession of the collateral in the event of default").  Indeed, Saavy signed multiple agreements granting Eko a security interest in the assets and consenting to the ABC.  SUF 37, 39.

Nor can Plaintiffs raise a genuine dispute as to either of the other two elements.  None of the defendants "dispos[ed] of property in a manner inconsistent with plaintiff's property rights." *Voris*, 7 Cal. 5th at 1150.  Defendants LCV, Cummings, and Privateer are entitled to summary judgment because none received or exercised dominion over the disputed assets.  SUF 48-50; *Hanni v. Am. Airlines, Inc.*, 2010 WL 289297, at *15 (N.D. Cal. Jan. 15, 2010) (granting summary judgment because defendant did "not exercise dominion, assert ownership, or prevent Plaintiffs from asserting ownership"); *see also* VAC ¶ 92 (alleging only that Eko received the assets).  Of the Moving Defendants, only Eko received the property, which it received as a result of Saavy's voluntary decision to enter into the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ABC, in accordance with Cal. Civ. Proc. § 493.010, and transfer its property to ET. SUF 39-40.[6]  Eko's purchase of the property from ET, as assignee, was entirely consistent with Saavy's decision and rights.  *Id.*  For the same reasons Plaintiffs cannot demonstrate an injury from fraudulent transfer, they likewise cannot demonstrate damages resulting from the alleged "conversion."  *Supra* at 14-15.  The absence of each of these elements provides additional grounds for judgment.

## F.        The Intentional Interference with Contractual Relations Claim Fails As a Matter of Law (COA 6).

Plaintiffs Infinity and Vazquez (in his individual capacity) assert contractual interference claims based on their allegations that the Eko loan, ABC, and sale of Saavy assets in the ABC interfered with Infinity's contract with Trimax.  VAC ¶¶ 110-114 & Ex. H.  Their claims fail as a matter of law, for multiple reasons.

To prevail on this claim, each plaintiff must establish "(1) a valid contract between it and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."  *SIC Metals, Inc. v. Hyundai Steel Co.*, 442 F. Supp. 3d 1251, 1256 (C.D. Cal. 2020) (citation omitted).

Plaintiff Vazquez fails out of the gate.  Plaintiffs rest their claim on a single contract—the Advisory Agreement exclusively between Infinity and Trimax.  SUF 51.  As Vazquez is not a party to that agreement, *id.*, he has no contractual interference claim as a matter of law.  *Pineda v. Howard*, 2010 WL 11595769, at *3 (C.D. Cal. Aug. 26, 2020) (granting summary judgment on contractual interference because plaintiff not a "party to the contract that was allegedly interfered with").

As to the remaining elements of Infinity's claim, nearly all of the allegations in the VAC are on "information and belief," *see* VAC ¶¶ 111-113, yet Plaintiffs

---

[6] The ABC is a statutorily authorized insolvency event, and the parties complied with its requirements.  SUF 39-40; C.C.P. § 493.010.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

conducted no discovery whatsoever to substantiate these (unfounded) allegations. Plaintiffs therefore will be unable to demonstrate any of the other elements, while Defendants offer ample undisputed evidence to the contrary.

First, Plaintiffs cannot show the Moving Defendants knew of Infinity's contract with Trimax—the Advisory Agreement. The Moving Defendants in fact had no such knowledge, SUF 51-52, which alone dooms this claim. *E.g.*, *Davis v. Nadrich*, 174 Cal. App. 4th 1, 10-12 (2009) (affirming summary judgment on contractual interference claim where no evidence that defendant was "sufficiently aware of the details" of the contract "to form an intent to harm it").

Second, Plaintiffs cannot demonstrate that Defendants "had a specific intent to interfere with [the] contract or that [they] knew that the interference was certain or substantially certain to occur as a result of [their] action." *SIC*, 442 F. Supp. 3d at 1256 (citation omitted); *see Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 3284177, at *9 (N.D. Cal. Aug. 2, 2017) (no contractual interference without allegations that defendant's "actions were designed to sabotage the contractual arrangement between the parties"). There is no evidence the Moving Defendants were even aware of Infinity's contract with Trimax, let alone intended to interfere with it.

Nor did the Moving Defendants actually interfere with the contract or cause any damages. Plaintiffs must show "the contract ... would otherwise have been performed" and "was breached and abandoned by reason of defendant's conduct." *Angus*, 2012 WL 122869, at *10 (citation omitted). Plaintiffs cannot make such a connection. Plaintiffs apparently contend that Trimax would have performed under the Advisory Agreement, but for the ABC because Trimax "was left with no assets." VAC ¶ 41. But Saavy's assets are not Trimax's assets; rather Saavy itself is an asset of Trimax. *Supra* at 16-17. Plaintiffs' claim is far too tenuous. Notably, the Eko loan transaction actually ***increased*** Saavy's liquid assets. SUF 37, 40. Moreover, if Trimax's performance was dependent on Saavy's shareholder

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

distributions to Trimax (as Plaintiffs imply), Plaintiffs cannot show that the ***Moving Defendant's actions*** were a "but for" cause of Trimax's decision to not pay.  *E.g.*, *Precise Aero. Mfg., Inc. v. MAG Aero. Indus.*, 2018 WL 3390151, at *11 (C.D. Cal. Feb. 16, 2018) (granting summary judgment where plaintiff did not show that "any actions" of defendant "caused a disruption or breach"), *aff'd*, 789 F. App'x 572 (9th Cir. 2019); *Prof'l Bus. Bank v. FDIC*, 2011 WL 13109254, at *13 (C.D. Cal. Oct. 4, 2011) (same); *Angus*, 2012 WL 122869, at *10-11 (entering judgment for defendant where plaintiff failed to prove the contract "otherwise would have been performed," relying on financial condition).  It is ***Saavy's*** decision when and how much to distribute to shareholders, which it can only do after meeting all of its debts and obligations—which amply exceeded its assets before the loan transaction.  SUF 21; *Broad*, 85 F.3d at 430; Nev. Rev. Stat. § 78.288(2).[7]  Plaintiffs' overreach fails.

The justification defense also bars Plaintiffs' claim.  "If a defendant's conduct was lawful and undertaken to enforce its rights, it cannot be held liable for intentional interference with a contract even if it knew that such conduct might interrupt a third party's contract."  *SIC*, 442 F. Supp. 3d at 1256 (citation omitted).  Thus, courts "routinely" dismiss such claims where the defendant was "acting to enforce its own contractual rights."  *Id.* at 1257-59 (granting summary judgment on this basis); *Weststeyn Dairy 2 v. Eades Commodities Co.*, 280 F. Supp. 2d 1044, 1089 (E.D. Cal. 2003) (same; enforcing Security Agreement).  Eko is subject to this defense, as it undertook the loan and asset sale in the ABC pursuant to legitimate contracts, and the ABC is an authorized statutory insolvency procedure established by C.C.P. § 493.010.  SUF 37-40.  Summary judgment on this claim is warranted.

---

[7] Further, Trimax was in breach of the contract well before the ABC and sale, as by May 2019, Trimax owed Infinity $93,382.  SUF 55; VAC ¶ 41.  Defendants' conduct therefore could not have been a "but for" cause of Trimax's decision to not pay, which ***predated*** the Eko loan, ABC, and asset sale to Eko by many months.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### G.      The Negligent Interference with Prospective Economic Relations Claim Fails As a Matter of Law (COA 7).

Plaintiffs Infinity and Vazquez (in his individual capacity) assert this claim on a similar basis as their contractual interference claim—that Saavy's ABC and subsequent asset sale to Eko somehow interrupted their "relationship" with Saavy, which relationship is allegedly set forth in the Advisory Agreement to which Saavy is **not a party**.  VAC ¶¶ 118-125 & Ex. H.  This claim fails for the same reasons as the contractual interference claim, and more.

Plaintiffs must prove "(1) the defendant owed the plaintiff a duty of care; (2) an economic relationship existed between the plaintiff and a third party which promised the plaintiff probable future economic benefits; (3) the defendant was aware an economic relationship existed and it was reasonably foreseeable the defendant's conduct would interfere with or disrupt the plaintiff's economic relationship if it failed to exercise due care; (4) the defendant was negligent; and (5) the plaintiff's economic relationship with the third party suffered actual disruption or interference causing the plaintiff to lose the economic advantage enjoyed from the business relationship."  *BlueGem Sec., Inc. v. Trend Micro Inc.*, 2010 WL 11505702, at *14 (C.D. Cal. June 8, 2010).  In addition, plaintiff must "prove that the defendant's conduct was wrongful by some legal measure other than the fact of interference."  *Prof'l Bus. Bank*, 2011 WL 13109254, at *15 (citation omitted).

Plaintiffs cannot show the essential "economic relationship" exists between them and Saavy, which alone merits summary judgment.  *E.g.*, *BlueGem*, 2010 WL 11505702, at *12 (summary judgment warranted, as plaintiff's hope that third party would enter contract with it "falls short of the promise of future economic advantage required"); *see also Piping Rock Partners, Inc. v. David Lerner Assocs.*, 946 F. Supp. 2d 957, 980 (N.D. Cal. 2013) (no "probability of prevailing" where plaintiff did not "identify any specific opportunities that it lost," noting "mere hope for an economic relationship and a desire for future benefit are inadequate"), *aff'd*,

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

609 F. App'x 497 (9th Cir. 2015).  Plaintiffs rely exclusively on the Advisory
Agreement to establish this relationship.  VAC ¶ 118 ("Plaintiffs and Saavy
Naturals were in an economic relationship pursuant to the terms of the Advisory
Agreement.").  But that agreement is between Infinity and Trimax, ***not*** *Saavy.*  SUF
51.  Plaintiffs have no direct economic relationship with Saavy, let alone one with
which any Moving Defendant could have "interfered."  Even if they did, Plaintiffs
could not have expected any future economic benefit, because Saavy was "unable to
meet its financial obligations and ... insolvent."  *Angus*, 2012 WL 122869, at *13
(explaining "[t]his alone merits judgment" on negligent interference claim); *see*
SUF 20-21.

To the extent Vazquez contends he is harmed because he is a shareholder of
Trimax, the parent corporation of Saavy, or because Saavy's non-liquid assets
decreased, he has no standing to do so.  Shareholders cannot bring a direct negligent
interference claim based on a company's "lost business opportunities and profits."
*Kronk v. Landwin Grp.*, 2011 WL 13225107, at *9 (C.D. Cal. June 7, 2011)
(dismissing shareholders' negligent interference claim).

As with the contractual interference claim, Plaintiffs' negligent interference
claim fails because they have no evidence that any defendant had knowledge of any
"economic relationship" between Vazquez or Infinity and Saavy (there was none),
or even Infinity's Advisory Agreement with Trimax and that relationship.  *Supra* at
19; SUF 53-54; *BlueGem*, 2010 WL 11505702, at *13 (granting summary judgment
where plaintiff could not rebut evidence that defendant had no knowledge of
plaintiff's "deal" with third party).

Plaintiffs must also, but cannot, prove negligence, i.e., that each defendant
owed plaintiffs a duty of care and breached that duty.  *Weststeyn*, 280 F. Supp. 2d at
1090. Plaintiffs must therefore offer evidence that they had a "special relationship"
with each of the Moving Defendants.  *Angus*, 2012 WL 122869, at *12.  "[A]
critical foundational requirement for finding a special relationship [among others] is

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

whether the ... transaction was intended to affect the plaintiff in a particular way." *Prof'l Bus. Bank*, 2011 WL 13109254, at *16 (summary judgment appropriate where plaintiff cannot establish duty of care) (citation omitted).  So too is a "close connection" between defendant and plaintiff.  *Id.*  Plaintiffs have no evidence of any special relationship between themselves and the Moving Defendants—most of whom had never heard of Infinity or Vazquez until this lawsuit, and those who had heard of Vazquez barely knew him.  SUF 25-26, 53-54.  No duty of care existed.

Further, Defendants have committed no "independent wrong."  Conduct is "wrongful if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."  *Prof'l Bus. Bank*, 2011 WL 13109254, at *15 (citation omitted).  To the contrary, the few Moving Defendants actually involved in the transaction were merely exercising their legitimate contract and statutory rights regarding the loan, ABC and asset sale, which precludes a finding of wrongful conduct.  SUF 37-40; Cal. Civ. Proc. § 493.010; *see Weststeyn*, 280 F. Supp. 2d at 1090 (summary judgment warranted where defendant had "express contractual right" under a security agreement to engage in disputed conduct).

Last, the claim independently fails because Plaintiffs cannot prove the alleged conduct proximately caused them damages, as discussed *supra* at 14-15.  *Precise*, 2018 WL 3390151, at *12 (summary judgment appropriate on this ground); *BlueGem*, 2010 WL 11505702, at *13-14 (summary judgment warranted, "Plaintiff offers no more than its own ruminations to support its contention that Defendant's alleged interference … 'proximately caused' any of its claimed damages").

**H.    Plaintiffs' Aiding and Abetting Claim Fails (COA 8).**

Plaintiffs assert an aiding and abetting claim based on vague allegations that Privateer, LCV, Cummings, Eko and others "acted collectively" to commit the torts

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

in Causes of Action 2-6 and 8.[8]  VAC ¶¶ 127-130.  Again, Plaintiffs largely allege this claim on "information and belief," yet conducted no discovery to substantiate those allegations (which would have revealed they are baseless); for this reason and others, the claim is ripe for summary judgment.

An aiding and abetting claim is "dependent on the commission of an underlying tort." *Shelby v. Ocwen Loan Servicing, LLC*, 2015 WL 5023020, at *10 (E.D. Cal. Aug. 24, 2015) (dismissing claim where no underlying tort alleged) (citation omitted).  As discussed above, because Plaintiffs' underlying tort claims fail as a matter of law, so does their dependent aiding and abetting claim.  *See id.*

In any event, Plaintiffs must also demonstrate that Defendants had "actual knowledge" of the underlying tort, and "substantially" assisted with its commission. *Chance World Trading E.C. v. Heritage Bank of Commerce*, 438 F. Supp. 2d 1081, 1084 (N.D. Cal. 2005), *aff'd*, 263 F. App'x 630 (9th Cir. 2008) (citation omitted). Plaintiffs must prove the assistance was "a substantial factor in causing the harm suffered." *Mosier v. Stonefield Josephson, Inc.*, 2013 WL 4859635, at *3 (C.D. Cal. July 30, 2013), *aff'd*, 815 F.3d 1161 (9th Cir. 2016) (citation omitted). Plaintiffs fail on each count.

First, Plaintiffs have no evidence that any Moving Defendant had "actual knowledge" of any underlying tort.  As discussed above, no actual torts were committed.  Regardless, Plaintiffs have no evidence that Privateer had any knowledge of the transactions at issue, SUF 45-47—which certainly warrants dismissal as to the Privateer/Tilray defendants.  *Chance*, 438 F. Supp. 2d at 1087 (granting summary judgment for lack of evidence that defendant had "actual knowledge" of the underlying tort); *Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, 2018 WL 6444897, at *3 (C.D. Cal. Nov. 16, 2018) (same).

---

[8] This includes the causes of action for Breach of Fiduciary Duty (COAs 2, 5), Fraudulent Conveyance (COA 3), Conversion (COA 4), Intentional Interference with Contractual Relations (COA 6), and Aiding and Abetting (COA 8).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Second, Plaintiffs have no evidence that Defendants gave "substantial assistance" to any tortfeasors.  "Substantial assistance" requires "a significant and active, as well as knowing participation in the wrong." *Wright v. Schock*, 571 F. Supp. 642, 663 (N.D. Cal. 1983), *aff'd*, 742 F.2d 541 (9th Cir. 1984).  "[M]ere ministerial tasks" are insufficient.  *Id.*  Again, Privateer took no part in the transactions underlying Plaintiffs' claims, SUF 45, and Plaintiffs have no evidence to the contrary.  *E.g.*, *McKay v. Hageseth*, 2007 WL 2669934, at *7-8 (N.D. Cal. Sept. 7, 2007) (summary judgment warranted where no evidence defendants substantially assisted tortfeasor).  The other Moving Defendants, LCV, Cummings, and Eko, cannot be held liable for the many reasons discussed above, and they likewise cannot be held liable for aiding and abetting non-existent tortfeasors.

## I.     Plaintiffs' Request for Punitive Damages Under Florida Law Fails.

Because California law governs here, Plaintiffs' request for "the highest punitive damage award permissible under Florida law," VAC ¶ 58, apparently referring to Fla. Stat. § 768.72, fails as a matter of law.  *E.g.*, *Bechtol v. Metro. Life Ins. Co.*, 2006 WL 8454808, at *1-4 (W.D. Wash. Oct. 24, 2006) (because Washington law governed, punitive damages under Florida law were unavailable); *Chiles v. Novartis Pharm. Corp.*, 923 F. Supp. 2d 1330, 1331-33 (M.D. Fla. 2013) (under Florida choice-of-law analysis, New Jersey law applied and Florida punitive damages were unavailable).  The Court should therefore grant summary judgment as to punitive damages.

## IV.   CONCLUSION

For the reasons set forth above, the Moving Defendants respectfully request that the Court grant summary judgment on all claims against them.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: November 9, 2020

By: /s/ John A. Goldmark
DAVIS WRIGHT TREMAINE LLP
Nicole Phillis (CA Bar No. 219266)
nicolephillis@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
Telephone:  (213) 633-6800

DAVIS WRIGHT TREMAINE LLP
John A. Goldmark (*admitted pro hac vice*)
johngoldmark@dwt.com
Lauren B. Rainwater (*admitted pro hac vice*)
laurenrainwater@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone:  (206) 622-3150

*Attorneys for Defendants Tilray, Inc.,*
*Privateer Holdings, Inc., and Privateer*
*Evolution, LLC*

By: /s/ Thomas M. Geher
JEFFER MANGELS BUTLER
& MITCHELL LLP
Thomas M. Geher (CA Bar No. 130688)
tgeher@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080

*Attorneys for Defendants Left Coast*
*Ventures, Inc, Eko Holdings, LLC, and*
*Brett Cummings*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899