# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-5263 PA (AFMx) | Date | December 11, 2020 |
|---|---|---|---|
| Title | Infinity Global Consulting Group, Inc., et al. v. Tilray Inc., et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| G. Garcia | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**        IN CHAMBERS ORDER

Before the Court is an Ex Parte Application for Continuance of the December 14, 2020 Hearing on Defendants' Motion for Summary Judgment, filed by plaintiffs Infinity Global Consulting Group, Inc., Joseph M. Vazquez III, and Trimax ("Plaintiffs"). (Dkt. No. 105 ("Application").) Plaintiffs ask the Court to continue the hearing on defendants Tilray, Inc., Privateer Holdings, Inc., Privateer Evolution, LLC, Left Coast Ventures, Inc., Eko Holdings, LLC, and Brett Cummings ("Moving Defendants") Motion for Summary Judgment.

A plaintiff faces an exceedingly high burden when seeking relief on an ex parte basis. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures"). The moving party must also demonstrate that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id.; see also Renteria v. Resmae Mortgage Corporation, 13-cv-5802, 2013 WL 12113412, at *3 ("If you need additional time to oppose the motion, you must file and serve an ex parte application requesting an extension of time prior to the date on which your opposition is due, and must demonstrate that the additional time you seek is warranted and that the requested extension is not a crisis of your creation, thus precluding you from seeking ex parte relief.").

Here, the Court concludes that Plaintiffs have not established that they are entitled to the relief they seek. Plaintiffs first argue they are entitled to ex parte relief because Moving Defendants "filed their Summary Judgment Motion on November 9, 2020, which is after the November 6, 2020 deadline the Court set for filing of 'dispositive motions.'" (Application at 9.) Plaintiffs argue this Court adopted this deadline from the transferor Court. (Id.) This is not true. In its Order setting dates, this Court only adopted the discovery cut-off date and trial date set by the transferor court. All other dates were set by this Court in its June 18, 2020 scheduling order. (Dkt. Nos. 84-85.) In its Order, the Court set December 14, 2020 as the last day for hearing motions. Under Local Rule 6-1, this means Moving Defendants had until Monday, November 16, 2020 to file their Motion for Summary Judgment.

Second, Plaintiffs argue the hearing date on Moving Defendants' Motion for Summary Judgment should be postponed because the parties have a mediation scheduled for December 16, 2020. The Court

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-5263 PA (AFMx) | Date | December 11, 2020 |
|---|---|---|---|
| Title | Infinity Global Consulting Group, Inc., et al. v. Tilray Inc., et al. | | |

first notes that it has already taken Moving Defendants' Motion for Summary Judgment under submission, and the December 14, 2020 hearing date has been vacated. (See Dkt. No. 106.) Further, that the parties have a scheduled mediation does not justify postponing other dates set in this case.

Third, Plaintiffs argue the Motion for Summary Judgment deadlines should be postponed for 90 days because plaintiff Mr. Vazquez has suffered several deaths in his family, as well as an accident on October 18, 2020 that resulted in injuries. According to Plaintiffs, this accident occurred almost two months ago. Had Plaintiffs needed additional time to comply with the Court's December 14, 2020 deadline, Plaintiffs should have asked the Court for relief then. In addition, Moving Defendants' Motion for Summary Judgment has been pending since November 9, 2020, so it is unclear why Plaintiffs delayed in bringing this motion. Any "emergency" is a crisis of Plaintiffs' own creation in failing to seek relief from this Court earlier and instead waiting until several weeks after Plaintiffs' opposition was due.

Finally, Plaintiffs state they have not had an opportunity to pursue discovery. This case has been pending for over a year and a half, and the discovery cutoff for this case was on October 22, 2020. It is unclear to this Court how Plaintiffs have failed to take any discovery, including the discovery of named defendant Brett Cummings, during that time frame. Again, any "emergency" created by this situation was of Plaintiffs' own doing for failing to timely prosecute Plaintiffs' case.

The Court concludes that Plaintiffs have not satisfied their burden to establish "why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." or that they are "without fault in creating the crisis that requires ex parte relief." Mission Power Eng'g, 883 F. Supp. at 492. For all of the foregoing reasons, the Court denies Plaintiffs' Application.

IT IS SO ORDERED.